# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

ABHISHEK NONE,

          Petitioner,

     v.

FERETI SEMAIA, *et al.*,

          Respondents.

Case No. 5:26-cv-03020-RAO

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

On June 2, 2026, Abhishek None ("Petitioner"), represented by counsel, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition") against Fereti Semaia, Warden, Adelanto ICE Processing Center; Todd Lyons, Acting Director of Immigration and Customs Enforcement ("ICE"); Markwayne Mullin, Secretary, U.S. Department of Homeland Security; and Todd Blanche, Acting Attorney General (collectively, "Respondents"). Dkt. No. 1 ("Pet.").

On June 8, 2026, the matter was assigned to the undersigned for final disposition. *See* Dkt. Nos. 3, 8.

Petitioner claims that his current detention at the Adelanto ICE Processing Center in Adelanto, California violates his Fifth Amendment due process rights and

the Immigration and Nationality Act. *See generally* Pet. Petitioner requests immediate release from immigration custody. *Id.* at 22–23. On June 10, 2026, Respondents filed an answer to the Petition stating they are "not presenting an opposition argument." Dkt. No. 10. For the reasons set forth below, the Court GRANTS the Petition.

The Petition alleges the following facts. Petitioner, a citizen of India, entered the country without inspection on June 4, 2024. Pet. ¶¶ 53–54. Petitioner was arrested by Customs and Border Protection ("CBP") inside the country and subsequently released on his own recognizance pursuant to 8 U.S.C. § 1226(a)(2)(B), on what is commonly referred to as "conditional parole." *Id.* ¶¶ 55–58. CBP served Petitioner with a Notice to Appear in removal proceedings on June 4, 2024 (the date of his arrest), and released him from custody. *Id.* ¶ 60. After his release, Petitioner applied for asylum. *Id.* ¶ 61. He received a temporary employment authorization document on or around May 15, 2025. *Id.* ¶ 62. Respondents re-arrested Petitioner on May 24, 2026, though no material change in circumstances had occurred. *Id.* ¶ 63. Petitioner was not provided with a pre-deprivation hearing or notice of the basis for his re-detention. *Id.* ¶ 64. Petitioner has never been arrested and has not missed any appointments with ICE or any other agency. *Id.* ¶ 67. Petitioner remains in immigration custody. *Id.* ¶ 68. The publicly available ICE records confirm Petitioner's detention within this District.

Petitioner argues, *inter alia*, that his ongoing detention violates his constitutional due process rights. *Id.* ¶¶ 22–29, 98–107.

Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). The writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).

Petitioner's requested relief is an order that he be released immediately.  Pet. at 22–23.  As this Court (and others) have already ruled, individuals conditionally released from custody have a liberty interest in their continued conditional release, which must be protected by adequate procedural safeguards.  *See Sheng Kun v. Janecka*, No. CV 26-1280-DMG (AYP), 2026 WL 931541, at *4 (C.D. Cal. Apr. 3, 2026); *Singh* v. *Janecka*, No. CV 26-1466-AYP, 2026 WL 1334832, at *5 (C.D. Cal. May 8, 2026); *Juarez Fernandez v. Semaia*, No. CV 25-3412-SPG (MBK), 2026 WL 136229, at *6 (C.D. Cal. Jan. 13, 2026).  Given Respondent's non-opposition (*see* C.D. Cal. L.R. 7-12), Petitioner's prior release status and the lack of any justification for terminating that release, and the absence of procedural safeguards accorded to Petitioner in advance of his re-detention, the Court finds that it is appropriate to grant the Petition. *See id.*

**CONCLUSION**: In light of the foregoing, the Court GRANTS the Petition and orders Petitioner to be released forthwith.  Respondents must IMMEDIATELY RELEASE Petitioner Abhishek None (A# 226-084-517) from custody.  At the time of release, Respondents shall return any confiscated property and documents to Petitioner upon his release.  Finally, Respondents shall file a status report regarding compliance with this order within three court days of its entry.

IT IS SO ORDERED.

DATED: June 11, 2026

_____
/s/
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

3